IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA ODELL GATLIN,

                    Plaintiff,                                    OPINION AND ORDER

        v.
                                                                 25-cv-649-wmc
JOSHUA L. KAUL, ANUREET K. SANDHU,
JEFFERY A. SIMCOX, AMANDA MAPES,
STEPHANIE K. RUBSAM, and
ALIYA MICHELIC,

                    Defendants.

---

Plaintiff Joshua Odell Gatlin, a state prisoner who is representing himself, has filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his right to privacy when his medical records were disclosed during another civil rights lawsuit that plaintiff filed involving his medical care in *Gatlin v. Thompson*, Case No. 2:24-cv-728 (E.D. Wis.). Because plaintiff is a prisoner proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. While the court must review a self-represented litigant's complaint under less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam), pro se litigants must still plead facts that, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Because plaintiff has not done so, the court must dismiss the complaint for the reasons explained below.

ALLEGATIONS OF FACT[1]

Plaintiff Joshua Odell Gatlin is currently incarcerated by the Wisconsin Department of Corrections at the Green Bay Correctional Institution ("GBCI").  The defendants are Wisconsin Attorney General Joshual L. Kaul, Wisconsin Department of Justice ("DOJ") attorneys Anureet K. Sandhu and Jeffery A. Simcox, DOJ paralegals Stephanie Rubsam and Aliya Michelic, and GBCI medical records custodian Amanda Mapes.

In 2024, Gatlin filed a civil rights lawsuit in the United States District Court for the Eastern District of Wisconsin, *Gatlin v. Thompson*, Case No. 2:24-cv-728 (E.D. Wis.), against medical providers and officials at Redgranite Correctional Institution, alleging that he was given the wrong medication by mistake and that the defendants refused to provide him with adequate treatment for the side effects.[2]  Gatlin was granted leave to proceed with Eighth Amendment deliberate indifference and state-law negligence claims in that case.

Here, Gatlin alleges that on March 3, 2025, defendant Mapes transmitted his entire medical file to DOJ without his consent.  Then, on March 4, the other defendants (Kaul, Sandhu, Simcox, Rubsam, and Michelic) caused those records to be released to the public by filing them in Case No. 2:24-cv-728, causing him embarrassment and humiliation.  By unlawfully releasing his medical records, Gatlin claims that the defendants violated his

---

[1] Unless otherwise indicated, the facts in this section are taken from plaintiff's complaint, which are accepted as true for purposes of screening.  (Dkt. #1.)

[2] A court may take judicial notice of matters in the public record, including pleadings and orders in previous court cases.  *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted).

Fourteenth Amendment right to privacy.  He sues all of the defendants in their official and individual capacity and seeks monetary damages under 42 U.S.C. § 1983 for the violation of his constitutional rights.

OPINION

As an initial matter, plaintiff's claims against the defendants in their official capacity must be dismissed.  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a "person" acting under color of law deprived him of a right, privilege, or immunity secured by the Constitution or the laws of the United States.  *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010).  Neither the State of Wisconsin nor any of its agencies or employees acting in their official capacity are persons who can be sued for monetary damages under § 1983.  *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65-66, 71 (1989).

Likewise, plaintiff does not allege that Attorney General Kaul had any personal involvement in Case No. 2:24-cv-728 for purposes of liability in his individual capacity.  *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (individual liability under § 1983 requires personal involvement, so plaintiff must allege sufficient facts showing that individual personally caused or participated in constitutional deprivation).  To the extent that plaintiff sues Kaul solely for his role as Attorney General, supervisory officials "may not be held liable for the unconstitutional conduct of their subordinates" under a theory of *respondeat superior* or vicarious liability.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff doesn't otherwise establish that any unconstitutional conduct occurred here.  The docket sheet from Case No. 2:24-cv-728 reflects that, while records were filed

3

in that case on March 4, 2025, those records consisted of grievances and inmate complaints for purposes of supporting the defendants' motion for partial summary judgment on exhaustion.  (Case No. 2:24-cv-728, dkt. #29.)  Although the docket sheet further reflects that around 100 pages of medical records were filed recently in connection with a motion for summary judgment on the merits, the court's review of those records shows that they are limited to those related to his claim about receiving the wrong medication and then receiving inadequate treatment for its side effects.  (Case No. 2:24-cv-728, dkt. #84-1.)

"The Supreme Court has recognized a constitutional right to information privacy under the Fourteenth Amendment."  *Franklin v. McCaughtry*, 110 F. App'x 715, 718-19 (7th Cir. 2004) (citing *Whalen v. Roe*, 429 U.S. 589, 599-600 (1977)). "Prisoners, though, at best have very limited privacy rights," and the Seventh Circuit has not held that they enjoy a constitutional right to privacy in their medical information.  *Franklin*, 110 F. App'x at 719 (citations omitted); *see also Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995) ("We cannot find any appellate holding that prisoners have a constitutional right to the confidentiality of their medical records."); *Adell v. Hepp*, No. 14-cv-1277, 2015 WL 6680237, at *4 (E.D. Wis. Nov. 2, 2015) ("Whether, and to what extent, an inmate retains a Constitutional right of privacy in his/her medical records is an open question in the First, Fourth, Seventh, and Eighth Circuits.") (citations omitted).

The Seventh Circuit has acknowledged that certain disclosures of medical information may be actionable under the Eighth Amendment's cruel and unusual punishment clause.  *Anderson*, 72 F.3d at 523.  Specifically, "[i]f prison officials disseminated humiliating but penologically irrelevant details of a prisoner's medical

4

history, their action might conceivably constitute the infliction of cruel and unusual punishment[.]" *Id*. However, there is a distinction between a "purposeful dissemination of intensely private medical information" such as a prisoner's HIV or transgender status, which may be actionable under the Eighth Amendment, and disclosure of "fairly pedestrian maladies," which does not rise to the level of a constitutional violation. *Franklin*, 110 F. App'x at 719.

Here, the health information that plaintiff is concerned about includes his "chronic kidney disease, lupus, insomnia, dysthymia, posttraumatic stress disorder and AODA history." (Dkt. #1, at 5.) Plaintiff does not allege and the record in Case No. 24-cv-728 does not reflect that records related to these conditions were filed or otherwise purposely disseminated by the defendants. Moreover, disclosure of medical information related to these maladies falls far short of the "intensely private" medical information which, if disclosed, could place plaintiff at risk of harm. As a result, plaintiff's allegations do not implicate the Eighth Amendment or state a plausible claim for violating his right to privacy. Likewise, plaintiff placed his medical condition at issue by filing suit and defendants in Case No. 24-cv-728 were entitled to access those records to present their defense to his claims. The court could locate no caselaw holding that the disclosure of medical records during the course of litigation involving a prisoner's medical treatment violated a constitutional right to privacy.[3]

Although the court of appeals has cautioned against dismissing an unrepresented

---

[3] The complaint does not specifically invoke the Health Insurance Portability and Accountability Act ("HIPAA") as grounds for plaintiff's privacy claim, but even if a disclosure violated that statute, HIPAA does not authorize an individual to sue over a violation. "HIPAA confers no private right

plaintiff's case without giving the plaintiff a chance to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal is appropriate here because plaintiff's allegations do not suggest that he could amend his complaint to state a claim for relief in federal court.

ORDER

IT IS ORDERED that:

1. The complaint filed by plaintiff Joshua Odell Gatlin is DISMISSED with prejudice for failure to state a claim.

2. The clerk's office shall record the dismissal as a "strike" for purposes of 28 U.S.C. § 1915(g).  Plaintiff is advised that, under § 1915(g), a prisoner who accumulates three strikes may no longer proceed without prepayment of the filing fee without a showing of imminent danger.

3. The clerk's office is directed to enter judgment accordingly and close this case.

Entered this 23rd day of April, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

of action."  *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019); *Doe v. Bd. of Trs. of Univ. Ill.*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006) ("HIPAA provides civil and criminal penalties for improper disclosures of medical information, but it does not create a private cause of action, leaving enforcement to the Department of Health and Human Services alone."); 42 U.S.C. §§ 1320d-5(a)(l), 1320d-6.

6